```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


AUGUSTUS SAMUEL,                    :
        Plaintiff,                  :
                                    :
   v.                               :    CASE NO. 3:10-cv-635 (WWE)
                                    :
CITY OF HARTFORD, et al.,           :
        Defendants.                 :
```

## RULING AND ORDER

In this action, the plaintiff brings four claims: (1) the defendants used excessive force against him when executing an arrest warrant; (2) the defendants were deliberately indifferent in preparing the incident report of the events resulting from service of the arrest warrant, failing to check on his criminal history before ordering the arrest warrant executed by the Emergency Response Team, and failing to obtain a search warrant for guns or drugs; (3) harassment; and (4) civil rights violations including the Fourth Amendment protection against unreasonable search and seizure, false imprisonment, and privacy.  The plaintiff has filed a motion for reconsideration which the court construes as a motion to compel production of items of discovery 8-18 and 32-37.  In response, the defendants state that they have provided responses to requests 8-18 and object to items 32-37.  For the reasons that follow, the motion to compel is denied.

Rule 37, D. Conn. L. Civ. R., sets forth the requirements for filing a motion to compel, most importantly requiring the parties

to make a good faith effort to resolve the matter before seeking court involvement.  See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).   Although the plaintiff has not complied with all of the requirements, the defendants have addressed the merit of these requests and the court will do so as well.

Items 32 & 33: The plaintiff seeks a copy of a videotaped interview of defendant Roberts that was televised on March 8, 2008, during which he identified the plaintiff as a convicted sex offender.  The plaintiff also seeks a copy of a photo frame used in that interview showing four sex offenders.  The plaintiff's picture was included in the photo frame.

Item 34:  The plaintiff seeks copies of all correspondence between defendant Roberts and himself after the interview was recorded but before it aired.  He states that correspondence, dated before his arrest, will show that defendant Roberts knew that he was not a convicted sex offender.  The plaintiff states that his copies of the correspondence were destroyed during the January 31, 2008 search or while he was incarcerated.

Item 35:  The plaintiff seeks copies of all correspondence between defendant Roberts and Hartford Mayor Eddie Perez regarding the plaintiff.  He contends that this correspondence will provide the motive for the actions of all defendants set forth in the complaint.

Item 36:  The plaintiff also seeks copies of all correspondence between defendant Roberts and Deputy Chief Dryfe.  The plaintiff contends that this correspondence will show that Deputy Chief Dryfe provided defendant Roberts false information that the plaintiff was a convicted sex offender.

Item 37:  Finally, the plaintiff seeks all correspondence between defendant Roberts and the Hartford Tax Collector regarding the plaintiff.  The plaintiff states that this correspondence will show that the tax collector had the police arrest the plaintiff in 2006 on a charge of larceny for failure to pay his taxes a second time after the tax collector refused his initial check.  The plaintiff states that the case was dismissed and this resulted in his January 2008 arrest as harassment by the mayor, tax collector and defendant Roberts.

The defendants argue that these items are irrelevant to the plaintiff's arrest and convictions and will not lead to the discovery of admissible evidence.  This action concerns the events of January 31, 2008, when the defendants executed an arrest warrant for the plaintiff on charges of sexual assault and risk of injury to a minor.  The plaintiff alleges that the warrant should not have been executed by an Emergency Response Team, that the officers used excessive force against him and that the search exceeded the bounds of a search incident to arrest.  He also challenges the accuracy of the incident report describing the execution of the warrant and the

validity of the warrant itself.  As a result of his arrest on January 31, 2008, the plaintiff entered guilty pleas to one count of risk of injury to a minor, Case No. H14H-CR-08-0618200-S, and two counts of criminal possession of a firearm, Case No. H14H-CR-08-0618199-S.  He was sentenced to terms of imprisonment of ten years execution suspended after five years followed by five years probation on the first charge and terms of imprisonment of five years on each firearms charge.  The plaintiff currently is serving the probationary term.

The plaintiff argues that defendant Roberts knew that he was not a registered sex offender at the time of the January 31, 2008 arrest.  Much of the information the plaintiff seeks is related to that contention.  However, the plaintiff also alleges that the arrest warrant was based on a complaint from the Department of Children and Families.  The court cannot discern how defendant Roberts' knowledge would impact the issuance of an arrest warrant based on a complaint from another state agency.  Accordingly, the motion to compel is denied as to the items 32, 33, 34 and 36.

The plaintiff argues that the information in items 35 and 37 will demonstrate a motive for his arrest, namely a wish by the mayor and tax collector to see the plaintiff arrested and punished for prevailing on a larceny charge arising from a 2006 tax dispute. The defendants contend that the plaintiff's arrest was based on the arrest warrant.  If the plaintiff is attempting to challenge the

validity of his arrest or convictions, the proper method would have been to challenge the warrant and search in the criminal proceedings or through a petition for writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (person in state custody cannot challenge his conviction in a civil rights action). The court agrees with the defendants that the documents requested in these items are not related to the incident underlying this action and do not appear to lead to the discovery of admissible evidence.

In conclusion, the plaintiff's motion [**Doc. #52**] is **DENIED**.

This case has been pending for two years and all of the deadlines in the scheduling order have long passed. The parties are afforded **thirty (30) days** to file any motions for summary judgment. If no motions are filed, the case will be set down for trial.

**SO ORDERED.**

**Dated at Hartford, Connecticut: May 7, 2012.**

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge