```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT



AUGUSTUS SAMUEL, et al.,       :
        Plaintiff,             :
                               :
     v.                        :      Case No. 3:10cv635(WWE)
                               :
CITY OF HARTFORD, et al.,      :
        Defendants.            :
```

RULING ON MOTIONS FOR SUMMARY JUDGMENT [Docs. ## 63 & 72]

The plaintiff, Augustus Samuel, commenced this action by complaint filed in state court.  The defendants removed the case to federal court.  Samuel contends that the defendants violated his rights under state and federal law.  Specifically, he asserts state law claims of use of excessive force to effect his arrest, deliberate indifference to his criminal history when preparing the arrest warrant and harassment as well as Fourth Amendment violations.  Both parties have filed motions for summary judgment.  For the reasons that follow, Samuel's motion will be denied and the defendants' motion will be granted.

I.   Samuel's Motion for Summary Judgment

Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving

party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement. This specific citation requirement applies to pro se litigants as well as to attorneys.

Samuel has filed a motion for summary judgment, a memorandum in support and various exhibits but has not filed a statement of undisputed facts. Samuel's motion for summary judgment is denied without prejudice for failure to comply with court rules. The court considers the arguments in Samuel's memorandum and his exhibits as opposition to the defendants' motion for summary judgment.

II.  Defendants' Motion for Summary Judgment

The defendants, the City of Hartford, Daryl K. Roberts, Victor Otero, Michael Chauvin, Eric Gauvin, Jeffrey Morande, Marco Tedeschi, Brian Salkeld, Paolo Cicero, Marcos Massa and Michael Eisele, move for summary judgment on the ground that there are no genuine issues to be tried on any of Samuel's claims.

A. <u>Standard of Review</u>

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law. <u>See</u> Rule 56(a), Fed. R. Civ. P.; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden "by showing-that is pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." <u>PepsiCo, Inc. v. Coca-Cola Co.</u>, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," <u>Anderson</u>, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 38 (2d Cir. 2000). Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment. <u>Zigmund v. Foster</u>, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. <u>Patterson v. County of Oneida, NY</u>, 375 F.3d 206, 218 (2d Cir. 2004). If

there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.</u>, 391 F.3d 77, 83 (2d Cir. 2004).  However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'"  <u>Dawson v. County of Westchester</u>, 373 F.3d 265, 272 (2d Cir. 2004) (quoting <u>Anderson</u>, 477 U.S. at 252)).

   B.  <u>Facts</u>[1]

   In December 2007, the Hartford Police Department received information from the Department of Children and Families that

---

[1] The facts are taken from the defendants' Local Rule 56(a)1 Statement and attached exhibits.  Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  <u>See</u> D. Conn. L. Civ. R. 56(a)2 & 56(a)3.
   Despite being afforded notice of his obligation to respond, Samuel has neither filed a Local Rule 56(a)2 Statement within the required twenty-one days nor sought additional time within which to do so.  <u>See</u> Doc. #75.  Accordingly, defendants' facts are deemed admitted.  <u>See</u> D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").  The court has, however, considered Samuel's exhibits submitted with his motion for summary judgment in deciding this motion.

Samuel had sexually assaulted his minor daughter.  The police conducted an independent investigation and, on December 27, 2007, defendant Massa prepared an affidavit in support of an arrest warrant.  On January 8, 2008, the arrest warrant application was signed by a state's attorney and a Superior Court judge.

On January 31, 2008, members of the Hartford Police Department, the Office of Adult Probation and the Department of Correction served the arrest warrant on Samuel.  Because Samuel had a criminal history involving unlawful discharge of a firearm, the defendants deemed service of the warrant to be high risk and sought the assistance of the Hartford Police Department emergency response team ("ERT").

Samuel, his daughter, Tonya Martin, his grandson, Zakwinton Martin, and several other individuals were in the residence when the warrant was served.  One ERT made a forced entry into the first floor of the residence, where Samuel, his daughter and grandson were located, while a second ERT made a forced entry into the second floor of the residence.  Police sources had indicated that Samuel would be found on the second floor.

Samuel, his daughter and grandson were secured without incident.  Samuel's daughter and grandson stated in depositions that no force was used against them and they witnessed no force used against Samuel.

Defendant Tedeschi questioned Samuel about the gun safe that

5

the ERT had discovered on the second floor.  When asked whether there were any firearms in the safe, Samuel acknowledged that there were and agreed to open the safe.  Samuel willingly accompanied defendants Tedeschi and Cicero to the second floor.  Samuel's daughter stated that Samuel was not threatened and no force was used in escorting him to the second floor.  Defendants Tedeschi and Cicero found one handgun and several long guns in the safe.  Samuel later pled guilty to one count of risk of injury to a minor and two counts of illegal possession of a firearm.

   Samuel alleges that he suffered severe physical and emotional pain as a result of the incident and has been confined to a wheelchair as a result of the alleged use of force.  The following day, Samuel went to the Hartford Hospital emergency room complaining of chest pains.  He made no reference to any injuries allegedly inflicted by the defendants.  The Hartford Hospital medical records indicate that Samuel underwent a stress test procedure on February 2, 2008, during which he was required to walk, jog or run on a treadmill.  Samuel was able to perform the test until he stopped due to fatigue.  A May 2008 entry in Samuel's prison medical record indicated that he walked easily until staff mentioned that fact, then he grabbed for a chair.  Samuel has proffered no medical records to support his alleged injuries.

C.  Discussion

In the first three counts of his complaint, Samuel asserts state law claims for use of excessive force, negligence or deliberate indifference in preparing the incident report and arrest warrant affidavit and harassment.

In the fourth count, he asserts violations of his federal constitutional rights.  Samuel contends that the defendants violated his Fourth Amendment rights to be free from unreasonable search and seizure, to avoid false imprisonment and of privacy as well as his Fourteenth Amendment right to procedural due process.

1.  Unreasonable Search and Seizure and Privacy

The unreasonable search and seizure claim and the privacy claim both are based on Samuel's allegation that the defendants exceeded the scope of the search warrant by bringing him to and searching the second floor of his residence.  The Fourth Amendment is concerned with an individual's right to privacy, and the security of his property, especially in his home.  See United States v. United States District Court, 407 U.S. 297, 313 (1972); Jones v. United States, 362 U.S. 257, 261 (1960).

The defendants argue that these claims are barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that, if a decision in the prisoner's favor would call into question the validity of his conviction, the prisoner may not bring an action for damages until his conviction

has been reversed on direct appeal or called into question by the issuance of a writ of habeas corpus. See id. at 486-87. This bar applies regardless of the relief sought or the specific target of the lawsuit. The only question is if success necessarily would demonstrate the invalidity of confinement. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Samuel pled guilty to one count of risk of injury to a minor and two counts of illegal firearms possession. If the court were to determine that the defendants had violated the Fourth Amendment proscription against illegal search and seizure with regard to the search of the second floor and seizure of the firearms, this conviction would necessarily be called into question. Thus, Samuel's Fourth Amendment claims for illegal search and seizure and violation of his right to privacy in his home are barred by Heck. The defendants' motion for summary judgment is granted as to these claims.

    2.   False Imprisonment

In analyzing claims alleging the constitutional tort of false imprisonment the federal court looks to the law of the state in which the false imprisonment allegedly occurred. See Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir. 2007). In Connecticut, false imprisonment "is the unlawful restraint by one person of the physical liberty of another." Id. at 204 (internal quotation marks and citation omitted). However, if the

plaintiff was arrested pursuant to a facially valid warrant, there is no cause of action for false imprisonment.  See <u>Outlaw v. City of Meriden</u>, 43 Conn. App. 387, 393, 682 A.2d 1112 (1996).

Here, Samuel was arrested pursuant to a facially valid warrant.  Thus, his false imprisonment claim is not cognizable.  The defendants' motion for summary judgment is granted as to the false imprisonment claim.

### 3. Procedural Due Process

Samuel cites the following examples in support of his claim that he was denied procedural due process:  defendant Roberts ordered his subordinates to exceed the scope of the arrest warrant to harass Samuel and failed to ensure that the Police Department's criminal history files were accurate; defendant Otero organized service of the warrant knowing his plans exceeded the scope of the warrant and lacked probable cause to seize Samuel's property, and included false information in his report; defendants Tedeschi, Chauvin and Morande used excessive force against Samuel; defendant Cicero threatened Samuel to obtain the combination to the gun safe; defendant Salkeld withheld the fact that Samuel had never been convicted of a felony; and defendants Eisele and Massa failed to investigate the sexual assault complaint.

To prevail on a claim for denial of procedural due process, Samuel must show that he was deprived of a protected property

interest by government action without being afforded adequate process.  In considering procedural due process claims, the court distinguishes between "claims based on established state procedures" and those "based on random, unauthorized acts by state employees."  Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996).

As discussed above, all of the allegations relating to exceeding the scope of the arrest warrant are barred by Heck v. Humphrey.  The court cannot discern any basis for a procedural due process violation regarding any of the remaining allegations.  In fact, the court cannot discern any cognizable federal claim relating to the remaining allegations.

Samuel alleges that defendants Tedeschi, Chauvin and Morande used excessive force against him.  The only evidence Samuel presents to support his allegation that excessive force was used against him is his affidavit.  The defendants, on the other hand, have presented deposition testimony from Samuel's daughter and grandson who both state that they did not witness any excessive force used against Samuel.  In addition, although Samuel alleges that the force used caused him to be wheel-chair bound for two years, when he sought medical assistance at the hospital for chest pain the following day, he made no mention of any injuries as a result of the arrest.  He was able to walk and jog without difficulty when performing a stress test at the hospital.

Several months later, correctional medical records show that Samuel was able to walk without difficulty. He only showed difficulty when medical staff mentioned his ability to walk.

Merely verifying the allegations of the complaint in an affidavit is insufficient to oppose a motion for summary judgment. See Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000). Absent any evidence to support his allegations that excessive force was used, Samuel's claim is not cognizable.

Samuel includes several allegations regarding the failure to keep accurate criminal records, failure to report that he had not previously been convicted of a felony, inclusion of false information in the incident report. All of these allegations stem from Samuel's assumption that the ERT would not have been utilized if the defendants did not assume that he previously had been convicted of a felony. The evidence presented by the defendants, however, shows that the ERT was utilized because Samuel had a prior conviction for illegal discharge of a firearm. Whether he was convicted of possession of a firearm, or whether his prior conviction was for a felony or misdemeanor, is irrelevant. Clearly, to have discharged a firearm, Samuel had to have had one in his possession at one time. The prior illegal discharge of a firearm was the source of the defendants assessment that the arrest was high risk. The court can discern no harm suffered by Samuel as a result of these various alleged

11

deficiencies.

Samuel also alleges that defendants Eisele and Massa failed to investigate the sexual assault complaint. Samuel has no right to such an investigation. Probable cause for an arrest exists when the police receive information sufficient to warrant a person of reasonable caution to believe that an offense has been committed by the person to be arrested. See Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). The police need not be certain that the person arrested will be prosecuted successfully. See Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1989). Statements of a victim and eye-witnesses to an alleged crime constitute probable cause unless there are reasons to doubt the veracity of such sources and probable cause is not vitiated because the officer did not investigate the arrestee's claim of innocence. See Panetta v. Crowley, 460 F.3d 388, 395-96 (2d Cir. 2006). Indeed, once the officer has probable cause for an arrest, he is neither required nor allowed to continue investigating. See id. at 398.

The evidence submitted by the defendants shows that they received the report from the Department of Children and Families and spoke to Samuel's daughter. The defendants were not required to proceed further before seeking an arrest warrant.

All of these allegations fail to show that Samuel was deprived of a protected liberty or property interest sufficient

to warrant procedural due process protection.  Accordingly, all of these procedural due process claims are dismissed.

    4.   Tonya Martin and Zakwinton Martin

Samuel included Tonya Martin and Zakwinton Martin as plaintiffs in this action.  Neither signed the complaint and, when questioned during their depositions, stated that they were not aware that they were included and did not want to pursue any claims against the defendants.  Rule 11, Fed. R. Civ. P., requires that all unrepresented parties sign the complaint.  Because Tonya Martin and Zakwinton Martin did not sign the complaint, they are not proper plaintiffs in this action.

Because Samuel is not an attorney, he can assert only his own claims.  See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (a person appearing pro se must assert a claim personal to him).  The defendants' motion for summary judgment is granted as to all claims asserted on behalf of Samuel's family members.

    5.   State Law Claims

Samuel's first three claims are based on state law.  Where no federal claims remain in a lawsuit, the district court may decline to exercise supplemental jurisdiction and leave the state law claims to be considered by the state courts.  See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed); Giordano v. City of New York, 274 F.3d 740, 754

(2d Cir. 2001) (collecting cases). As the court has granted summary judgment in favor of the defendants on the federal claims, it declines to exercise supplemental jurisdiction over the state law claims.

III. Conclusion

Samuel's Motion for Summary Judgment [**Doc. #63**] is **DENIED** without prejudice. The defendant's Motion for Summary Judgment [**Doc. #72**] is **GRANTED** as to all federal claims. The court declines to exercise supplemental jurisdiction over any state law claims. Samuel may pursue his state law claims in state court. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this 10th day of October, 2012 at Bridgeport, Connecticut.

                                                  /s/
                                     Warren W. Eginton
                                     Senior United States District Judge